UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA FUND and
THE NEW YORK CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION, by MICHAEL
J. FORDE, and PAUL O'BRIEN, as TRUSTEES, and
MICHAEL J. FORDE, as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR NEW YORK
CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

**COMPLAINT**

Plaintiffs,

-against-

SUPERIOR INTERIORS, INC.,

Defendant.

------------------------------------------------------------------------------X

Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

1.     This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Superior Interiors, Inc. ("Employer").

## JURISDICTION

2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1),

(e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

§§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of

the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

## VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant is a domestic corporation incorporated

under laws of the State of New York with a principal place of business located at 11 Pineland

Court, Dix Hills, NY 11746.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated March 25, 2008 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that defendant had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of January 1, 2006 through March 25, 2008 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14.     The arbitrator also found that defendant was required to pay the funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.     The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.     For an order confirming the arbitration award in all respects;

2.     For entry of judgment in favor of the Plaintiffs ordering defendant and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period January 1, 2006 through March 25, 2008.

3.     For entry of judgment in favor of the Benefit Funds and against Superior Interiors, Inc. ordering defendant to pay the Benefit Funds a total sum of $2,350.00 with interest to accrue at the rate of 10% from the date of the award, pursuant to the arbitrator's award.

4.     For attorneys' fees and costs of this action;

5.     For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        June 16, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

**OFFICE OF THE IMPARTIAL ARBITRATOR**

ORIGINAL

------------------------------------------------X

In The Matter Of The Arbitration

      between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees

                   And

Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

                      (Petitioners)

      -and-

SUPERIOR INTERIORS INCORPORATED
                  (Employer)

------------------------------------------------X

BEFORE:  Robert Herzog, Esq.

**DEFAULT**

**AWARD**

     Superior Interiors Incorporated (hereinafter referred to as the

"Employer") and the District Council of New York City and Vicinity

of the United Brotherhood of Carpenters and Joiners of America, are

parties to a Collective Bargaining Agreement, dated July 01, 2001.

Article XIX of the Collective Bargaining Agreement provides that the

Collective Bargaining Agreement "shall continue until June 30, 2006

and shall be renewed automatically for one year intervals thereafter unless notice to the other… no more than ninety (90) days nor less than sixty (60) days before the contract expiration that such party seeks to negotiate a new contract or modify or amend this Agreement through negotiations." The Collective Bargaining Agreement also provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the agreement and renewals, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreement and renewals, have standing before the Arbitrator. In accordance therewith, the Petitioners, by a January 29, 2008 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of January 1, 2006 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated January 30, 2008 advised the Employer and the Petitioners that the arbitration hearing was scheduled for February 19, 2008.

The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

2

On February 19, 2008, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  No appearance on behalf of the Employer was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement and renewals, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses. The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the January 1, 2006 to date period, the Employer was bound to a Collective Bargaining Agreement and subsequent renewals with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreement and renewals obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement and renewals.

- The Collective Bargaining Agreement and renewals authorized the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

3

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records.  In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Superior Interiors Incorporated is in violation of the terms of the Collective Bargaining Agreement and renewals;

2. Superior Interiors Incorporated is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of January 1, 2006 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Superior Interiors Incorporated shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Court Costs | $   350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. Superior Interiors Incorporated shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two

4

thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

Dated: March 25, 2008

Robert Herzog
Arbitrator

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: March 25, 2008

Robert Herzog
Arbitrator

To:  Superior Interiors Incorporated
     Attn: Mr. William Boyle, President
     11 Pineland Court
     Dix Hills, New York 11746

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014

5